Thank you, Your Honors. This is a case where the petitioners were ordered, removed, or deported in absentia because they did not appear at a court hearing. Your Honor, I believe that the critical issue in this matter is whether the petitioners received notice of the hearing date after the hearing date has been changed. I have a question. Counsel, I have a question about that. The initial hearing notice was sent in September of 2019, and that notice was not returned to sender. And it was addressed to the correct address. If there had been no change of hearing date and the second notice that was returned hadn't happened, would the BIA have been required to conclude that the presumption of receipt had been rebutted by the affidavit, or could they have allowed the presumption to control? If there had been no second notice that was returned. Your Honor, the case law that the BIA relies upon, the presumption of delivery does not depend on whether the mail was returned or not. It indicates that if the notice is mailed by regular mail, then the presumption is weak and can be overcome by a slew of evidence, including affidavits of the petitioners, circumstances beyond the petitioner's control. And so the case law does not indicate whether if the mail was returned to the court or not is a determining factor as to whether there's a presumption of delivery. So I would like to... But let me just make sure I understand your answer. Your answer is it wouldn't make any difference because the affidavit would still control and they would have to find that the presumption was overcome? Yes, Your Honor, because the method of mailing was by regular mail rather than certified mail. Your Honor, the case law indicates that the presumption is weak. When the notice of hearing is mailed by regular mail and can be overcome by affidavits. Are you saying just it might have been overcome in that hypothetical or it definitely was overcome? It seems like in this hypothetical it might be a harder question than what we actually have. Is that your position? I would say that, Your Honor, I would say that if the second notice of hearing was not returned to the court, then the presumption would be harder because you don't have evidence that there's some issues with delivery. But, Your Honor... That concerns... Let counsel... Just a moment. That concerns me because of the following. The original hearing was set for early in 2020. And if your client received that, if your client received it, and I know you don't concede that she did, but if she received that, the hearing date was long past before she inquired what had happened. So, it seems to me that if she did receive that, there is potentially still a lack of diligence, even though she did not receive the second notice. Yes, Your Honor, but because the initial notice of the notice to appear was mailed by regular mail, state law indicates that there's a weaker presumption of delivery. That's why I said you really have to be arguing that, it seems to me, because otherwise there is a lack of diligence, potentially a lack of diligence, because if she knew that the hearing was supposed to be in early 2020 and waited a year after that to inquire, then it seems to me that it's problematic. But if she overcame it and never received any notice, then your argument is different. That would be the argument, Your Honor, that she did not receive any notice. And just want to direct the Court's attention to pages 55, 66, 113, and 142 of the certified administrative record. They all contain envelopes that were returned back to the Board of Immigration Appeals because the decision could never be delivered to the respondent's address that's on file. May I ask you— Your Honor, I believe that— Go ahead. Finish up your answer there. The record is clear that the delivery of mail at this particular very rural address in Wasco is unreliable. And when the mail is delivered by regular mail, and there's evidence that other mail delivered to the address by the Court has been returned, and there's an affidavit that the petitioner checked her mail constantly, Your Honor, I would conclude that— reasonably conclude that the notice to appear or the hearing notices were never received by the petitioners, that the weak presumption of delivery can be overcome by the evidence presented on the record. And the Supreme Court has argued that a motion to reopen is a safeguard to allow individuals in the United States to present their case. In this case, Your Honor, the petitioners fled Mexico because they fear for their lives. And, Your Honor, I'm not sure if this is an issue that the Court wants to hear, but she was nine months pregnant when she came to the United States, had a one-year-old child and a six-year-old child. And so, Your Honor, not only is there a weak presumption of delivery, but, Your Honor, I would argue on behalf of the petitioners that there were exceptional circumstances that prevented the petitioners from even checking the mail every single day or contacting the immigration officers. On top of that, Your Honor, the— Let me ask you—Counsel, just let me—Mr. Kim, let me ask you just a— maybe this is not a question, maybe it's more of an observation, because you made the point that I think I was going to make a moment ago, which was her affidavit indicated that she lived in a rural area. And if you know anything about the Central Valley, Wasco is in a very rural area. Yes, Your Honor. There's not much—there's not much in Wasco. So she did say that she lived in a rural area. Two, she said that she diligently had checked for the mail and indicated she had these other problems. It seems to me that it's reasonably probable that the I.J. may well have found that she hadn't received— you know, a reasonable I.J. could have, given the presumption is weak. So, you know, I was a little bit concerned. And as I understand it, a further point that Judge Graber raised was that there may be some diligence, but I don't understand the statute to require diligence in this kind of circumstance. Is that correct? Yes, Your Honor. Am I wrong? One, I don't believe that the court defines what diligence is. But the record is clear that the lead petitioner checks her mail constantly, that she tried to get help from legal agencies, but it was very difficult because she lives in Wasco County. Could I just stop you because you're running out of time? I'm not sure that you heard or are responding to Judge Paez's question. He's asking you whether this statute actually requires diligence at all in a situation where the person might not have received— I mean, we know she didn't receive the hearing notice with the right date. So is there a diligence requirement at all? I don't think it has a diligence requirement, Your Honor. I believe it's a factor for the court to take into consideration. But I don't think it's required, Your Honor. Are those factors for the purpose of figuring out whether the notice was received? And if so, do they even come up when we know the notice was not received? It would not come up if the notice was not received. It only comes up to rebut the weak presumption of delivery when the notice is mailed by regular mail to a very rural area. Which was the answer to my question because I posited that the first notice was received, in which case diligence does apply. Or potentially does. That's a presumption that's weak, Your Honor. Again, the record is not clear whether the initial notice to appear that was mailed was received or not. All we know is that it was mailed by regular mail. That the officer who mailed it did not certify it. Okay, we've used up your time, but I'll still give you time for rebuttal. Let's hear from the government, and then we'll come back to you for a bit of rebuttal time. Thank you. Good morning, Your Honors. May it please the Court, Andrew Nsinga on behalf of the Attorney General. The Board was not arbitrary or capricious in denying Petitioner's motion to reopen. The Board applied the MRA factors, which this Court, just last year, affirmed as what is to be applied in the context of the motion to reopen in the absentia removal order. Can I pause you right there? Let me ask. So, MRA, as I understand it, is about determining whether the person received notice. So it's factors to figure out whether the presumption is rebutted about delivery from regular mail. But we know that she did not receive the notice of hearing with the correct date, because the government has it. It was returned to sender. So why should we look at MRA at all, when we know it's all about figuring out whether she had receipt, but we know she did not have receipt? Your Honor, Petitioner has not raised this argument. If Petitioner wanted to raise this argument in objecting to the MRA factors, Petitioner was free to do so at any point before the agency, and Petitioner was free to do so in the opening brief before this Court. The opening brief does not mention the envelope being returned at all. Period. Does not mention it whatsoever. It does not object to the application of the MRA factors. It does not apply, it does not object to this Court's decision, in Perez-Portillo, that the MRA factors apply. Petitioner now comes to the Court and has completely changed the argument. That is not the purpose of an oral argument. Petitioner could have presented this argument at any time. The argument is both abandoned and unexhausted. If Petitioner wanted to object to it again, Petitioner was free to do so. So, the Board applied the MRA factors. And that is what this Court said in Perez-Portillo it was supposed to do. In fact, the complaint in the finding in Perez-Portillo is the Board incorrectly did not apply all the factors. And then, now Petitioner comes and now, for the first time, the oral argument suggests, well, there are no factors. Again, it's not before the Court. So, what are the factors in the MRA? First, is there an affidavit? Yes, there is an affidavit. But the problem is that affidavit is in tension with the other record evidence. What would have been particularly useful in this situation, both for the notice to appear, the NOH, all the NOHs, and the removal orders would have been statements from other individuals with knowledge of the situation. Wait, I'm sorry. So, I understand that you have this waiver argument, but I don't, I mean, we as a Court, we know that the notice was returned to sender. And I think the agency knew that. The second notice, the one with the date that actually was the hearing at which the in absentia was ordered, we know she never could have possibly known about that hearing date. And we know that the agency knew that. And so, how could the government have even entered this in absentia order, which can only be entered when notice has been given, and the government knew at the time of that hearing that notice had not been given? Because it had the notice in its hand. This is a problem with asking questions that are contradictory in what the argument was made in the opening brief. This is why waiver matters. If Petitioner 1 objects to the application of the MRA factors, Petitioner 2 could have done that to the Board, and Petitioner could have done that in the opening brief. You want to go through, Petitioners now want to go through multiple statutes and the concept of constructive receipts. That's first time in a royal argument. That is essentially an impossible task and one that can't be done given that Petitioner argued, not argued, that the MRA factors should not have been applied. Again, the opening brief does not mention the envelope at all. Maybe you will win on waiver, but let me just ask you, as the government, are you really taking the position that the government can give someone an in absentia order when it knows that they didn't have notice, when the statute says you can't? Is that the government's position here? Your Honor is asking me to take a position that was never presented to the agency, but if you're asking is actual notice required, no. Law students should know that first year civil procedure, actual notice is not required by most statutes. In this case, it is not either. The best I can do, given this is being raised for the first time in a royal argument, is at least point this court to 1229C. And there, Congress said that service is sufficient if there is attempted delivery. Now, the difficulty is, I'm not... So, I'm sorry, but... So, 1229AB5A says that an immigration judge may only order an in absentia removal if the government establishes by clear, unequivocal, and convincing evidence that the written notice was so provided. We know there was no such evidence because it was returned to sender. Your Honor, that would have been a fine argument to raise in the petition for review of the in absentia removal order, which actually is allowed specifically under 1229A. This is not a petition for review of an in absentia removal order. This is petition for review of a motion to reopen the in absentia removal order. Wait, I don't understand. Wait, stop. She's trying to reopen the proceeding that led to the in absentia removal order. Can you explain the distinction you think there is in this? I don't understand what you just said. There is a specific process by which someone can file a petition for review of in absentia removal orders in 1229A. If a petitioner wanted to object to... But the time had passed, right? I mean, she needed to know within 30 days that it had even happened then to do that, right? That is Congress's mandate. That is not the executive branch saying that is a fact. If a petitioner wanted to file a petition for review of the removal order itself, then that would be a separate process. And pragmatically, part of the problem is, Your Honor is asking, without any briefing, did the immigration judge find clear unequivocal evidence? Well, that would have been in the underlying proceedings. Well, there's no transcript of that because the petitioner did not file an appeal or file a PFR of any of that... Counsel, the statute does not refer to receipt of the notice. It refers to providing the notice. And it says, the written notice by the Attorney General shall be considered sufficient for purposes of this subparagraph if provided at the most recent address provided under section 1229A1F of this title. So, what does that mean if it's provided at the most recent address? Well, that would get into the complexity of if petitioner had met her burden to convince the agency... No, I'm asking a different question. I'm not... That's about rescission of the order. What does it mean for the Attorney General to provide notice at the most recent address? Does that mean it has to be received if there is no counter-evidence? Well, again, this is a... Well, now we're back under a case that petitioner has not discussed, which is a matter of GYR. And that deals with concepts of constructive... received constructive notice. And that is, as this Court has actually held in cases, the government simply has to mail the document to petitioner, to the address that she provided, which is exactly what the government did. And again, since petitioner has not raised this, but it bears emphasis that this Court has, in fact, said that the fact that you don't receive it, for example, because you live in a trailer without a mailbox, that's not the government's responsibility. Is there a case that talks about... Does that case talk about when the government actually gets the notice back so it is absolutely clear that it was not received? I'm not here to discuss questions that were never raised in opening a brief. I can't answer... Your Honor, we are now far afield of briefing in this case. Do we need to order supplemental briefing to make sure that there is a fair outcome here? In order to avoid the procedural failures of an open brief? Your Honor, I'm not aware of how... why the Court would be ordering supplemental briefing in order to avoid the tactical decisions of a party. Merely because this Court has now identified questions that it might find more interesting is not the purpose of an oral argument. In fact, just a few years ago, Justice Ginsburg, for unanimous Supreme Court, noted that this Court's... the judiciary's role is not to sally forth and right the wrongs. And Petitioner filed an open brief. Petitioner had the opportunity. Petitioner did not raise any of the questions that really are now being discussed. He raised his MRA. MRA? He applies... Petitioners discuss the MRA factors. They do not... Well, they cite them. They do not discuss any of them. But they do not discuss any of them. It's a short brief. But... that's not the government's responsibility, Your Honor. And part of the difficulty here is we're left with, at best, vague affidavits about Wasco, California, supposedly being rural. There's emphasis that our personal knowledge about Wasco, California is not relevant. We could Google Wasco, California and find out what the nature of Wasco, California really is. Well, isn't there some evidence... Isn't there some evidence of problems with the mail when one of the three documents was returned to sender because it couldn't be delivered? That would have been a fine argument for the open brief to make, and it does not make it. But the fact that it was actually returned reflects that it is not so rural such that mail is not delivered. So, I see my time's up, and I simply ask the court to deny the petition. Thank you. We'll give you two minutes for rebuttal. Your Honor, the proper procedure to challenge an innocential order is to file a motion to reopen. The lead petitioner did... As soon as she found out that there was an innocential order was entered. At the time that she filed the motion to reopen, she was not aware that the hearing notice was returned back to San Francisco Court. So that was not an issue in the mind of the petitioner. What was that... Oh, wait, can you explain that? Sorry, wait, pause, pause. Can you explain... What did you just say? Explain when she learned this and why she didn't know it earlier. What did you just say? Your Honor, the lead petitioner had no idea that the second hearing notice was returned back to sender. All she knew at the time that she filed the motion to reopen and obtained counsel was that there was an innocential order entered against her for a hearing date that she never knew about. But you knew it at the time you filed the brief, so why wasn't it discussed? Because the reasoning behind the order denying the motion to reopen took into consideration the factors in the affidavit and the weak presumption of delivery, Your Honor. And so the briefs were addressing the errors contained in the decision of the Board of Immigration Appeals. And the Board of Immigration Appeals concluded that because there was a lack of an affidavit by the lead petitioner's partner and other factors that were lacking in the affidavit, that those were grounds to deny the motion to reopen and affirm the immigration judge's decision. The Board of Immigration Appeals actually does mention that the second notice of hearing was returned, but that because the notice to appear and the innocential order were not returned, that there was a presumption of delivery, even though this court rightly points out that it was impossible for the second notice to have been delivered, the reasoning behind the immigration judge and the Board of Immigration Appeals leads to the conclusion that they assumed delivery, even though the court, it's obvious to everyone that it was never delivered. But they kind of turned a blind eye to the record and conclude that just because it was mailed out, there was a presumption of delivery, even though everyone knows that the hearing notice, the secondary notice was returned. And those were the arguments that the petitioners were trying to point out in its opening brief, that those were the errors that the Board of Immigration Appeals made in affirming the immigration judge's decision. We've taken you over your time. Thank you, both sides. This case is submitted. I think we'll take a five-minute break now before we hear the last two cases on the calendar.
judges: GRABER, PAEZ, FRIEDLAND